UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Herman Farrar,
    Plaintiff

vs

Klosterman Bakery,
    Defendant

Case No. C-1-08-679
(Weber, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 23). On June 19, 2009, the Court denied Plaintiff's Motion for an Extension of Time (Doc. 26), but allowed Plaintiff up to and including July 10, 2009 in which to respond to Defendant's Motion for Summary Judgment. (*See* Doc. 28). To date, Plaintiff has not filed a response to Defendant's motion.

### OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish

that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In passing Title VII, Congress determined that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. *Price Waterhouse v. Hopkins*, 57 U.S.L.W. 4469, 4472 (1989). "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982). The fact that a work force may be racially balanced cannot immunize an employer from liability for specific acts of discrimination. *Id.*; *Furnco Constr. v. Waters*, 438 U.S. 567, 579 (1978). The obligation imposed by Title VII is to provide an equal employment opportunity for each person regardless of race and without regard to whether members of that person's race are already proportionately represented in the work force. *Teal*, 457 U.S. at 454-55; *Griggs v. Duke Power Co.*, 401 U.S. 424, 430 (1971).

Plaintiff's claims are those of disparate treatment. In such a case, plaintiff has the burden of proving unlawful discrimination because of race. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

Plaintiff may establish a prima facie case by showing that: (1) he belongs to a racial minority; (2) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated white employees. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction*

2

*Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once plaintiff establishes a prima facie case, the burden of going forward shifts to defendant to articulate a legitimate, nondiscriminatory reason for its action. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 1032 (1988). The ultimate burden of persuasion never shifts from plaintiff. *Wrenn*, 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nondiscriminatory reasons. If defendant's evidence raises a genuine issue of fact as to whether it intentionally retaliated against plaintiff, defendant has satisfied its burden of going forward. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); *Wrenn*, 808 F.2d at 501.

Where defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine*, 450 U.S. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. *See also Aikens*, 460 U.S. at 714-15. Although the presumption of discrimination, as a procedural device, drops from the case at this point, a permissible inference of discrimination may still be drawn by the trier of fact from the evidence introduced in plaintiff's case-in-chief. *Askin*, 600 F. Supp. at 754, 755.

Once defendant articulates a legitimate reason for its action, plaintiff must the prove that the legitimate reason offered was not the true reason, but rather a pretext for discrimination. *Burdine*, 450 U.S. at 253.

Plaintiff was hired by Defendant on August 13, 1994. (Doc. 23, Affidavit of Larry Moore at ¶ 2). A bench hand is required to "exert up to 100 pounds of force; move up and down equipment ladders and conveyor crossovers; to inspect pans visually for foreign material; and to work in close proximity to moving parts, electrical current, and moving objects carrying considerable weight and force." (Id. at Ex.1).

On October 11, 2007, Plaintiff was observed acting erratically by the Plant Manager, Plant Superintendent, and a union steward. Plaintiff was, therefore, removed from the plant floor and summoned to the Plant Manager's office. (Id. at ¶¶ 4-6; Doc. 4, Complaint). Plaintiff was then directed to undergo a "reasonable suspicion" drug test. (Id. at ¶ 7). Plaintiff disputed that he was working erratically but submitted a urine sample to an independent testing center that same day. (Id. at ¶ 8; Doc. 4, Complaint).

On October 12, 2007, the independent testing center confirmed that Plaintiff had tested positive for cocaine. (Id. at ¶ 9). Defendant terminated Plaintiff's employment for violation of a workplace rule prohibiting employees from reporting to work under the influence of drugs. (Id. at ¶ 9).

3

Defendant argues that it had a legitimate reason for terminating Plaintiff which Plaintiff has failed to rebut. It is undisputed that Plaintiff is a member of a protected class and that he suffered an adverse employment action. Defendant contends that Plaintiff cannot show that he was treated less favorably than similarly situated white employees or that Defendant's reason for terminating him was a pretext for discrimination. In failing to respond to Defendant's motion, Plaintiff has submitted no evidence that he was treated differently than similarly situated non-protected employees. Indeed, Defendant's evidence shows that, in January 2006, Defendant also terminated a white employee for being under the influence of cocaine while he was at work. (Id. at ¶ 10). Plaintiff has also submitted no evidence challenging the validity of the drug test. Thus, it is undisputed that Plaintiff tested positive for cocaine while at work and Defendant had a legitimate non-discriminatory reason for terminating Plaintiff's employment. For these reasons, we find that Plaintiff has failed to establish a prima facie case of racial discrimination or that Defendant's reason for terminating his employment was a pretext for discrimination. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's claim for employment discrimination in violation of Title VII.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendant's Motion for Summary Judgment (Doc. 23) be GRANTED in favor of Defendant and Plaintiff's Complaint be DISMISSED.

2) This case be TERMINATED upon the Court's docket.

Date: 7/14/09

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\DISCRIM\Klosterman.msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Herman Farrar<br>3538 Evanston Avenue<br>Cinti, OH 45207 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3943 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-01-M-2509 |

1:08cv679 (Doc. 30)